# DeForce *v.* Welch, et al.

Tide Lands—Rights of Adjacent Owners.—The legislature, recognizing the fact that the people had dealt with, and sold the tide lands adjacent to their other lands as their own, provided by the act of 1874, that the purchaser of any tide land from the owner of the land adjacent to such tide land, shall have the right to purchase the same from the state. By this act, the legislature recognizes the rights of purchasers from adjacent owners.

Appeal from Clatsop County.

*C. W. Fulton,* for appellant.

*Dolph & Simon, and J. Q. A. Bowlby,* for respondents.

By the Court, Lord, J.:

Without recounting the particulars of the joint occupancy and subsequent division between Shively and Welch of the donation land claim to which Shively and wife several years afterwards obtained a patent from the United States, it is sufficient to say that in March, 1850, Shively deeded block 146, which is tide land, and includes that particular portion of land in controversy, to Welch, and in July of the same year Shively and wife deeded lot 1, in block 4, which lies immediately south of block 146, with a street intersecting them, to Ingalls, the grantor of plaintiff, and that these sales and deeds were made and executed according to a plat. That at the times these deeds were executed to the parties above mentioned to the property therein described, as above stated, the donation law had not been passed, and the legal title to lot 1 in block 4 was in the United States, and to block 146 in the United States in trust for the state of Oregon when she should become a sovereign state of the union, but that thereafter Shively and wife, in 1859, executed to Ingalls a confirmatory deed to lot 1 in block 4, which was a part of his donation claim, and in 1860 executed to Welch a confirmatory deed to block 146, which was tide lands and belonged to the state of Oregon, by virtue of its sovereignty. No action seems to have been taken by the state to dispose of the tide lands prior to the act of 1872, and the act of 1874, amendatory thereof (Session Laws, 1872, p. 129, and 1874, p. 76,) but for what reason is not now apparent, unless as suggested by Mr. Justice Boise in *Rodgers* v. *Parker*, 8 Or., 189, "that it was then thought that these lands were private property, and the subject of sale, as they were claimed as such property, being sold like lands above the high water," which is in accordance with the facts in this

case, and may serve to explain the dealings of the parties in respect to such tide lands. On the 18th day of September, 1876, Welch having previously made his application therefor, the state of Oregon, by its duly authorized agents, executed and delivered to him a deed of conveyance to all the tide lands in front of lot 1. Welch died in 1877, and the defendants claim through him. On the 28th day of September, 1876, Ingalls deeded lot 1 to the plaintiff, and, according to the record, on the same day he applied to the state authorities to purchase the tide lands in front of block 1, and on the same day the board of commissioners executed and delivered to the plaintiff a deed to the tide lands in front of lot 1, which is the same land previously deeded to Welch, and the tide land in dispute. Upon this state of facts, the plaintiff asks that the defendants may be decreed to hold the title to said lands in trust for him, and that they be required to execute a good and sufficient conveyance for the same. The ground upon which plaintiff claims this relief is that he is the owner of lot 1, and as such he is entitled to purchase the tide land in front thereof, and that his grantor had no notice of the application of Welch to purchase the same from the state. At the time of the original purchase of block 146, which includes the tide land in controversy, by Welch of Shively, block 146 was not the property of Shively. It was tide land, and like all such lands, was held in trust by the United States for the state. By virtue of its sovereignty, the state has the absolute right to dispose of the tide lands. This is conceded. But the legislature, recognizing the fact that the people had dealt with and sold the tide lands adjacent to their other lands as their own, undertook, under certain conditions, to give legal effect to such purchases from adjacent owners. Upon this subject, Mr. Justice Boise, in *Parker* v. *Rodgers, supra,* says: "The leg-

islature seems to have assumed that these tide lands were the subjects of sale by the owner of the land adjacent above high water, in the act of 1874, where it is provided that the purchaser of any tide land from the owner of the land adjacent to such tide land shall have the right to purchase the same from the state. By this act, the legislature recognizes the rights of purchasers from adjacent owners." Now, irrespective of the fact that Ingalls purchased lot 1 by the plat which plainly showed that the tide lands had been laid off into blocks by the adjacent owner of whom he purchased, he also knew Welch had previously purchased the tide land in front of it when he bought block 146 of Shively. The evidence discloses that he had notice of Welch's application for the purchase of it from the state, and that he neither objected to it nor claimed any right to the land in dispute by virtue of his frontage, but on the contrary expressly disclaimed any right to it. As a purchaser from the adjacent owner, Welch made his application and received in 1876 his deed from the state to it. Subsequently, plaintiff purchased from Ingalls lot 1, and began proceedings to obtain the tide lands in front of it, but he certainly would have no better legal claim to it than his grantor. We think the facts show that Welch placed himself within the provisions of the act of 1874, and was entitled to receive the deed from the state. The decree of the court below is affirmed.

Decree affirmed.